UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANTE A. HYNDMAN,

Plaintiff,

-against-

CITY OF NEW ROCHELLE, et al.,

Defendants.

1:26-CV-5701 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated and entered on September 15, 2026, the Court granted Plaintiff, who appears *pro se*, leave to file a second amended complaint, as specified in that order, within 30 days. (ECF 55.) The Court also warned Plaintiff that, if he failed to file a second amended complaint within the time allowed, the Court would dismiss this action for the reasons set forth in that order. (*Id.* at 17.) The Court further informed Plaintiff that an additional effect of the dismissal of this action would be that the Court declines to consider, under its supplemental jurisdiction, Plaintiff's remaining claims under state law. (*Id.*)

On September 16, 2026, Plaintiff filed a "[Proposed] Order on Limited Reconsideration and Clarification of ECF 55" (ECF 56) and a "[Proposed] Order Concerning Audiovisual Submission Procedure" (ECF 57). On September 18, 2026, Plaintiff filed a "Motion for Limited Reconsideration and Clarification of ECF 55" (ECF 59), a memorandum of law in support of that motion (ECF 60), and a "Request for Procedural Directions Concerning Audiovisual Materials" (ECF 61). On September 23, 2026, Plaintiff filed a "Letter Requesting Limited Administrative NOS Clarification." (ECF 62.)

The Court construes Plaintiff's "Motion for Limited Reconsideration and Clarification of ECF 55" (ECF 59) as a motion for reconsideration of the Court's September 15, 2026 order,

brought under Local Civil Rule 6.3. For the reasons discussed in this order, the Court denies that motion.

**DISCUSSION**

A party who seeks reconsideration relief under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (Marrero, D.J.). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000) (Sprizzo, D.J.); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) (Lynch, D.J.) ("[A] motion for reconsideration is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which . . . [the moving] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling." (internal quotation and citations omitted)).

Plaintiff has failed to demonstrate that this Court has overlooked any controlling decisions or factual matters previously presented to this Court with respect to its September 15, 2026 order. In that order, the Court severed and/or dismissed many of Plaintiff's claims, granted Plaintiff leave to file a second amended complaint as to some claims, and indicated that, if he did not file a second amended complaint within the time allowed, the Court would dismiss this action for the reasons set forth in that order and decline to consider, under its supplemental jurisdiction, any remaining state-law claims. (*See* ECF at 55.) The Court clearly indicated the claims for which Plaintiff has been granted leave to replead and what information he has to provide in his second amended complaint. (*See id.*) Accordingly, the Court denies Plaintiff's motion for reconsideration.

**CONCLUSION**

The Court construes Plaintiff's "Motion for Limited Reconsideration and Clarification of ECF 55" (ECF 59) as a motion for reconsideration, brought under Local Civil Rule 6.3, in which Plaintiff challenges the Court's September 15, 2026 order. The Court denies that motion. The Court therefore directs the Clerk of Court to terminate ECF 59.

The Court also denies all of Plaintiff's other pending requests for relief. Plaintiff's second amended complaint is due 30 days from the issuance of the Court's September 15, 2026 order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 2, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge